UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BELL INCORPORATED,<br><br>        Plaintiff,<br><br>v.<br><br>DRENT GOEBEL USA, INC., DRENT GOEBEL B.V., and DRENT GOEBEL GmbH,<br><br>        Defendants. | No.: 4:08-cv-04192-LLP<br><br>**DEFENDANT DRENT GOEBEL USA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS BELL INCORPORATED'S COMPLAINT, OR IN THE ALTERNATIVE, TO TRANSFER** |

Defendant Drent Goebel USA, Inc. f/k/a Drent Goebel America, Inc. ("Drent Goebel USA") respectfully submits this memorandum of law in support of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6) for improper venue, or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

The Complaint brought by Bell Incorporated ("Bell") against Drent Goebel USA has been improperly filed in this Court. Accordingly, this matter should be dismissed because the parties agreed to a forum selection clause dictating that such complaints must be filed in Illinois. Bell's purported claims arise out of Sales Contract No. 6724353, dated September 3, 2004 ("Sales Contract"), between Drent Goebel USA and Bell, attached as Exhibit A to the Complaint (Dkt. 1). The Sales Contract, the product of arms length negotiations between two sophisticated business entities which were represented by counsel in the negotiation of the contract, contains the following choice of law provision and mandatory forum selection clause:

Article 15- Governing Law, Jurisdiction and Venue

15.1 With the exception of Article 8 "Security Interest," *any controversy or claim arising out of or relating to this Contract shall be governed and construed in accordance with the law of the State of Illinois*, without regard to any applicable conflict of law provision or doctrine. . . .

15.2 Except as provided in 15.3 [venue relating to seller's enforcement of security interest], *the parties hereby submit to the jurisdiction of any court (state or federal) in the state of Illinois and agree that <u>venue is proper and exclusive</u> therein for the purpose of any lawsuit arising out of or relating to the construction or enforcement of this Contract*.  The parties further agree that they shall not seek to have the lawsuit removed or transferred to any other forum.

(Complaint, Dkt. 1, Ex. A.)(emphasis added).)

The Sales Contract's mandatory forum selection clause to which Bell and Drent Goebel USA agreed is valid and enforceable under established Illinois and South Dakota law, and by its plain language requires that the claims asserted in the Complaint be brought in a state or federal court in Illinois.  Because Bell's Complaint arises out of and relates to the Sales Contract, venue is clearly improper in this Court.  Therefore, the Complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) or 12(b)(6), or in the alternative, and in accordance with the forum selection clause and pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the U.S. District Court for the Northern District of Illinois, Eastern Division, the district which encompasses Drent Goebel USA's principal place of business in Volo, Illinois.

## BACKGROUND

Drent Goebel USA, an Illinois corporation with its principal place of business in Volo, Illinois, and Bell, a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota, entered into a Sales Contract in September 2004 regarding the sale of a customized web offset printing press, as described in the Sales Contract and supporting Annexes

("Press"). Drent Goebel USA and Bell, both sophisticated business entities, were represented by counsel in the negotiation of the Sales Contract and the executed and agreed Sales Contract was the product of arms length negotiations between the parties. The Sales Contract contains a mandatory forum selection clause which provides that "venue is proper and exclusive" in "any court (state or federal) in the state of Illinois" "for the purpose of any lawsuit arising out of or relating to the construction or enforcement of [the Sales] Contract." The Sales Contract also contains a choice of law provision which provides that "any controversy or claim arising out of or relating to this Contract shall be governed and construed in accordance with the law of the State of Illinois, without regard to any applicable conflict of law provision or doctrine."

Notwithstanding the mandatory forum selection clause, Bell brought the instant Complaint in this Court alleging the following causes of action against Drent Goebel USA: breach of contract, breach of express limited warranty, fraudulent inducement, violation of the Illinois Consumer Fraud Act, violation of the South Dakota Consumer Protection Act, and breach of implied warranty. Bell also asserts causes of action against foreign entities Drent Goebel B.V. and Drent Goebel GmbH, for fraudulent inducement, violation of the Illinois and South Dakota consumer protection acts, and breach of implied warranty.[1] Notably, Bell treats Drent Goebel USA, Drent Goebel B.V. and Drent Goebel GmbH indistinguishably in its Complaint; all factual allegations and claims (with the exception of the breach of contract and breach of express warranty claims which are solely directed at Drent Goebel USA, the party to the Sales Contract) are identical against the defendants and Bell refers to all three entities

---

[1] Neither Drent Goebel B.V. nor Drent Goebel GmbH is a party to the Sales Contract nor, upon information and belief, have these foreign entities been served in this action. Further, Bell's allegations of wrongdoing against Drent Goebel USA and the foreign entities, Drent Goebel B.V. and Drent Goebel GmbH, all arise out of and relate to the sale of the Press to Bell and the alleged failure of the Press to perform to the specifications as set forth in the Sales Contract and supporting Annexes.

3

collectively as "DG".

The Sales Contract's binding and mandatory forum selection clause to which both parties agreed could not be more clear: Bell, a sophisticated business entity which was represented by counsel in the negotiation of the Sales Contract, agreed that "venue is ***proper and exclusive***" in "any court (state or federal) in the state of Illinois" "for the purpose of any lawsuit arising out of or relating to the construction or enforcement of [the Sales] Contract" (emphasis added).  Bell ignored the Sales Contract's agreed, clear mandate and instead filed the Complaint in this Court rather than bringing its purported claims in a state or federal court in Illinois.[2]  Bell's claims fall squarely within the mandatory forum selection clause and therefore it is respectfully asserted the contractual provisions to which Bell agreed should be enforced and the entire Complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) or Fed. R. Civ. P. 12(b)(6) for improper venue.[3]  In the alternative, and in the interests of judicial economy and efficiency, this action should be transferred in accordance with the forum selection clause and pursuant to 28 U.S.C. §1404(a), to the United States District Court for the Northern District of Illinois, Eastern Division, the district embracing Drent Goebel USA's principal place of business in Volo, Lake County, Illinois.

---

[2] Although Bell attached the Sales Contract to its Complaint as Exhibit A, it failed to mention the forum selection clause in its Complaint.

[3] Drent Goebel USA moves to dismiss Bell's claims under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) on the basis that the Eighth Circuit has not yet ruled as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause in an underlying contract. Rainforest Café, Inc. v. EklecCo., L.L.C., 340 F.3d 544, 545-46 n.5 (8th Cir. 2003), citing Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 534-36 (6th Cir. 2002)(noting circuit split as to whether motion to dismiss based on forum selection clause should be brought pursuant to 12(b)(3) or 12(b)(6)).  This Court need not address this issue, however, since Drent Goebel USA has moved under both subsections of Rule 12.  Id.

4

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

In considering a motion to dismiss, the Court must assume all facts alleged in the complaint are true. See Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). Moreover, the complaint is to be viewed in the light most favorable to the non-moving party. See Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). The Court may consider exhibits attached to the complaint in ruling on a motion to dismiss. See Stahl v. U.S. Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Id.

### II.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(3) or 12(B)(6) FOR IMPROPER VENUE

All of Bell's claims arise out of and relate to Bell's purchase of the Press and the alleged failure of the Press to perform to the specifications set forth in the Sales Contract and the related Annexes. Article 15 "Governing Law, Jurisdiction and Venue" of the Sales Contract provides in relevant part:

> 15.1 With the exception of Article 8 "Security Interest," *any controversy or claim arising out of or relating to this Contract shall be governed and construed in accordance with the law of the State of Illinois*, without regard to any applicable conflict of law provision or doctrine. . . .
>
> 15.2 Except as provided in 15.3 [venue relating to seller's enforcement of security interest], *the parties hereby submit to the jurisdiction of any court (state or federal) in the state of Illinois and agree that venue is proper and exclusive therein for the purpose of any lawsuit arising out of or relating to the construction or enforcement of this Contract*. The parties further agree that they shall not seek to have the lawsuit removed or transferred to any other forum.

(Complaint, Dkt. 1, Ex. A.)(emphasis added).) Thus, according to the plain, unambiguous language of the Sales Contract, the proper *and exclusive* venue for this dispute is in any court

5

(state or federal) in the State of Illinois.

  Illinois courts routinely enforce forum selection clauses.  Under Illinois law, a forum selection clause in a contract is prima facie valid and should be enforced unless the opposing party shows that enforcement of the clause would be unreasonable under the circumstances. See, e.g., Calanca v. D & S Mfg. Co., 510 N.E.2d 21, 23 (Ill. App. 1st Dist. 1987); Compass Environmental, Inc. v. Polu Kai Services, L.L.C., 882 N.E.2d 1149, 1156 (Ill. App. 1st Dist. 2008); IFC Credit Corp. v. Rieker Shoe Corp., 881 N.E.2d 382, 389 (Ill. App. 1st Dist. 2007).  A party opposing enforcement of a forum selection clause is required to carry the burden of proving that litigation in the contractual forum will be so gravely difficult and inconvenient that it would, for all practical purposes, be deprived of its opportunity to litigate issues in a fair manner and that enforcement of the clause is tantamount to depriving it of its day in court.  See, e.g., Calanca, 510 N.E.2d at 23; Compass Environmental, 882 N.E.2d at 1156.[4]  "[I]n order to hold a forum selection clause unenforceable, enforcement must contravene the strong public policy of the forum or the chosen forum must be '*seriously* inconvenient for the trial of the action.'" (emphasis in original.)  If both parties freely enter into an agreement contemplating such inconvenience should a dispute arise, then one party cannot successfully argue

---

[4] Based upon the explicit choice of law provision contained within Article 15.1 the Sales Contract, which provides that the "Contract shall be governed and construed in accordance with the law of the State of Illinois, without regard to any applicable conflict of law provision or doctrine," Drent Goebel USA submits that Illinois law controls. However, should this Court determine otherwise, Drent Goebel USA notes that no conflict exists should this court apply Eighth Circuit or South Dakota law to its forum selection clause analysis.  The Eighth Circuit has not yet decided whether state or federal law applies in determining the enforceability of a forum selection clause. Servewell Plumbing, LLC v. Federal Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).  However, South Dakota and federal standards are the same on this issue. M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 (8th Cir. 1999).  As with Illinois law, under either standard, forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching, and are enforceable unless they would actually deprive the opposing party of its fair day in court.  Id., citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907 (1972); Green v. Clinic Masters, Inc., 272 N.W.2d 813, 815 (S.D. 1978)(holding that forum selection clauses are a valid exercise of the freedom to contract and will be upheld unless they are "unfair or unreasonable.").  See also, Servewell, 439 F.3d at 792 (stating that in the Eighth Circuit, a "strong presumption of enforceability" attaches to a forum selection agreement).

inconvenience as the reason to void the forum clause.  A forum selection agreement reached through arm's-length negotiation between experienced and sophisticated business people should be honored by them and enforced by the courts, absent some compelling and countervailing reason for not enforcing it." IFC, 881 N.E.2d at 389. (citations omitted).   Further, inclusion of causes of action other than breach of contract (such as violations of the Illinois Consumer Fraud Act) is no bar to dismissal under a contractual forum selection provision.  See Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd., 712 N.E.2d 926 (Ill. App. 2nd Dist. 1999).

  Bell's claims against Drent Goebel USA and the related foreign entities arise from and relate to the Sales Contract.  Bell has not alleged any reason for finding the forum selection clause unjust, unreasonable or invalid.  Nor has Bell alleged that the forum selection clause was the product of fraud or overreaching.  See IFC, 881 N.E.2d at 395 (holding that in order to invalidate a forum selection clause on the ground of fraud or overreaching, the fraud alleged must be specific to the forum selection clause itself).  Instead, the Sales Contract was the product of extended, arms-length negotiations between sophisticated and experienced business entities, both of whom were represented by counsel in the negotiation of the Sales Contract.  Illinois courts have consistently enforced forum selection agreements between experienced business people.  See id. at 393.  See also, Aon Corp. v. Utley, 863 N.E.2d 701, 707 (Ill. App. 1st Dist. 2006); Dace Int'l Inc., 655 N.E.2d 974, 977-78 (1st Dist. 1995); Calanca, 510 N.E.2d at 24-25.  Further, Bell has not alleged that it would be unable to obtain a fair and just trial in Illinois.  Accordingly, the sanctity of the parties' contracting should be upheld and the mandatory forum selection clause of Sales Contract should be enforced.  Accordingly, it is respectfully asserted this Court should dismiss Bell's Complaint, in its entirety, without prejudice.

### III.     <u>IN THE ALTERNATIVE, THE ACTION SHOULD BE TRANSFERRED IN ACCORDANCE WITH THE MANDATORY FORUM SELECTION CLAUSE AND PURSUANT TO 28 U.S.C. § 1404(A)</u>

Defendant Drent Goebel USA respectfully requests that this Court enforce the mandatory forum selection clause contained within the Sales Contract and to dismiss Bell's Complaint without prejudice. In the alternative, Defendant moves this Court to transfer the action to the U.S. District Court for the Northern District of Illinois, Eastern Division, pursuant to the forum selection clause and 28 U.S.C. § 1404(a).

28 U.S.C. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

<u>See also</u>, <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 32, 108 S. Ct. 2239, 2245 (holding "federal law, specifically 28 USC § 1404(a), governs the District Court's decision whether to give effect to the parties' forum- selection clause and transfer [the] case"). Before a district court may consider a forum selection clause in its section 1404(a) transfer analysis, it "first must decide whether the clause applies to the type of claims asserted in the lawsuit." <u>Terra Int'l, Inc. v. Mississippi Chemical Corp.</u>, 119 F.3d 688, 692 (8th Cir. 1997). In its Complaint, Bell has sued Drent Goebel USA for breach of contract, breach of express and implied warranties, fraudulent inducement and breach of Illinois and South Dakota consumer protection acts. Bell also has sued foreign entities Drent Goebel B.V. and Drent Goebel GmbH for identical causes of action, with the exception of breach of contract and breach of express limited warranty. As discussed above, Bell's claims against Drent Goebel USA fall squarely within the forum selection clause because they arise out of or relate to the construction and enforcement of

the Sales Contract.  Accordingly, these claims must be dismissed based on improper venue.  On this basis alone, the interests of judicial economy favor transfer so that Bell's claims against the Drent entities, which involve the same facts and witnesses, may proceed in one action.  Moreover, all of Bell's claims arise out the Sales Contract because they relate to the alleged failure of the Press to comply with the specifications set forth in the Sales Contract and Annexes thereto.  But for the Sales Agreement, Bell would not have any claims against Drent Goebel USA or the foreign entities.  Accordingly, this action should be transferred.

In the alternative, and to the extent this Court holds that only some of Bell's claims "arise out of or relate to the Sales Contract," transfer would still be appropriate.  All of Bell's claims overlap, Bell relies on the same set of facts in support of its claims, and this action should not be litigated in two places, as such result would be a waste of judicial resources, duplicative and risk contrary results.  Cf. Yamada Corp. v. Yasuda Fire & Marine Ins. Co., Ltd., 712 N.E.2d 926 (Ill. App. 2nd Dist. 1999)(reversing trial court and holding that contractual forum selection clause was enforceable and entire action was dismissed notwithstanding inclusion of causes of action other than breach of contract, including alleged breach of Illinois Consumer Fraud Act).

Mirroring the statutory language of section 1404, the Eighth Circuit has noted three general categories of factors that courts must consider in deciding a motion to transfer: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." Terra Int'l, 119 F.3d at 691.  A court's examination, however, is not limited to these factors and a determination must be made on a case-by-case basis.  Id. (citations omitted).  Importantly, a "valid and applicable forum selection clause" is properly considered a "significant factor that figures centrally" in the court's decision on a motion to transfer.  Id., quoting Ricoh, 487 U.S. at 29, 108 S.Ct. at 2244.

9

In the instant case, the "interest of justice" factors, including judicial economy and efficiency, coupled with the mandatory and enforceable forum selection clause weigh heavily in favor of transfer to Illinois. Accordingly, in the event that this Court denies Drent Goebel USA's motion to dismiss, this Court should transfer the case to the U.S. District Court for the Northern District of Illinois, in accordance with the forum selection clause.

## CONCLUSION

Bell is contractually obligated to assert any claims against Drent Goebel USA that arise out of or relate to the construction or enforcement of the Sales Contract in a state or federal court located in Illinois. Because the causes of action asserted in the Complaint unequivocally arise out and relate to the Sales Contract, specifically the purchase of the Press and the alleged failure of the Press to comply with the contractual specifications, the Complaint triggers the mandatory forum selection clause and venue is improper in this Court. Drent Goebel USA respectfully requests that this Court dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) for improper venue. In the alternative, Drent Goebel USA respectfully requests that this Court transfer this action to the U.S. District Court for the Northern District of Illinois, Eastern Division, in accordance with the mandatory forum selection clause and 28 U.S.C. § 1404(a).

DATED this 29th day of December, 2008.

Respectfully submitted,

/s/ Jon C. Sogn
Jon C. Sogn
Lynn, Jackson, Shultz & Lebrun, P.C.
US Bank Building, 8th & 9th Floors
141 North Main Avenue
P.O. Box 2700
Sioux Falls, SD 57101-2700
(605) 332-5999

-and-

Robert P. Conlon
Marnie N. Bozic
Walker Wilcox Matousek LLP
225 West Washington Street, Suite 2400
Chicago, IL 60606
(312) 244-6700

*(Pro Hac Vice Motions Pending)*

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2008, I electronically filed the foregoing **Defendant Drent Goebel USA, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss Bell Incorporated's Complaint, or in the Alternative, to Transfer** with the Clerk of the Court using CM/EDF system which upon information and belief will send notification of such filing to James E. Moore at James.Moore@woodsfuller.com.

/s/ Jon C. Sogn
Jon C. Sogn
