
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BELL INCORPORATED, | \* | CIV 08-4192 |
| Plaintiff, | \* | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S |
| vs. | \* | MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a) |
| DRENT GOEBEL USA, INC., f/k/a DRENT GOEBEL AMERICA, INC., DRENT GOEBEL B.V., and DRENT GOEBEL GmbH, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The claims alleged by Plaintiff Bell Incorporated against Defendants Drent Goebel USA, Drent Goebel B.V., and Drent Goebel GmbH arise from the alleged failure of a printing press to perform to the specifications set forth in the sales contract entered into between Plaintiff and Defendant Drent Goebel USA. Defendant Drent Goebel USA has moved to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6), or in the alternative, to transfer this lawsuit pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Illinois, Eastern Division, in accordance with the forum selection clause mandating that any lawsuit arising out of or relation to the construction or enforcement of the sales contract be litigated in state or federal court in Illinois.

## BACKGROUND

Plaintiff Bell Incorporated ("Bell"), a South Dakota corporation, and Defendant Drent Goebel USA, an Illinois corporation, entered into a sales contract ("Sales Contract") in September 2004 regarding the sale of a customized web offset printing press. The Sales Contract was the product of arms-length negotiations between two sophisticated business entities, both of which were represented by counsel in the negotiation of the Sales Contract. Contained therein is a mandatory

forum selection clause which provides that "the parties hereby submit to the jurisdiction of any court (state or federal) in the state of Illinois and agree that venue is proper and exclusive therein for the purpose of any lawsuit arising out of or relating to the construction or enforcement of this Contract. The parties further agree that they shall not seek to have the lawsuit removed or transferred to any other forum." The Sales Contract further provides that "Contract shall be governed and construed in accordance with the law of the State of Illinois, without regard to any applicable conflict of law provision or doctrine."

On December 1, 2008, Plaintiff filed a Complaint in the United States District Court for the District of South Dakota Southern Division against Drent Goebel USA and related foreign entities Drent Goebel B.V. and Drent Goebel GmbH. The lawsuit regards the alleged failure of the press to perform to the specifications as set forth in the Sales Contract and supporting Annexes. In the Complaint, Plaintiff alleges the following causes of action against Drent Goebel USA: breach of contract, breach of express limited warranty, fraudulent inducement, violation of the Illinois Consumer Fraud Act, violation of the South Dakota Consumer Protection Act, and breach of implied warranty. Plaintiff has also sued foreign entities Drent Goebel B.V. and Drent Goebel GmbH for identical causes of action with the exception of breach of contract and breach of express limited warranty.

Drent Goebel USA was served in the instant matter on December 8, 2008. Foreign entities Drent Goebel B.V. and Drent Goebel GmbH have not yet been served. It is the Court's understanding that Plaintiff is presently in the process of serving these foreign defendants pursuant to the Hague Convention.

Defendant, Drent Goebel USA, has moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) or 12(b)(6) for improper venue on the basis that Plaintiff's Complaint triggers a mandatory and enforceable forum selection clause. In the alternative, Defendant Drent Goebel USA has moved, pursuant to 28 U.S.C. § 1404(a) and the forum selection clause, to transfer the present action to the United States District Court for the Northern District of Illinois, Eastern Division, the district which encompasses Drent Goebel USA's principal place of

business in Volo, Illinois.

## DISCUSSION

Defendant, Drent Goebel USA, has moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) or 12(b)(6) for improper venue on the basis that Plaintiff's Complaint triggers a mandatory and enforceable forum selection clause. In the alternative, Defendant Drent Goebel USA has moved, pursuant to 28 U.S.C. § 1404(a) and the forum selection clause, to transfer the present action to the United States District Court for the Northern District of Illinois, Eastern Division, the district which encompasses Drent Goebel USA's principal place of business in Volo, Illinois.

In response, Plaintiff argues in the first instance that the forum selection clause is unreasonable and unenforceable. In the alternative, Plaintiff contends that Defendant's motion to dismiss should be denied on the basis that venue is proper under 28 U.S.C. § 1391(a) and that transfer is not warranted under the factors governing transfer of venue pursuant to 28 U.S.C. § 1404(a).

### I.   Is the forum selection clause at issue enforceable?

Initially, the Court must address the question of whether to apply state or federal law in determining the enforceability of a forum selection clause. The Eighth Circuit has not yet adopted a definitive position on the issue, noting that "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (quoting *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068-69 (8th Cir. 1986)). The Court need not decide this question at the present time, however, since both South Dakota and Illinois follow the federal standard announced by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and neither party argues that the application of one or another body of law would materially affect the outcome. *Servewell*, 439 F.3d at 789; *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 23 (Ill. Ct. App. 1987); *Baldwin v. Heinold Commodities*, 363 N.W.2d 191, 195 (S.D.

1985).

Under *Bremen*, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir. 1999) (citing *Bremen*, 407 U.S. at 15, 92 S.Ct. at 1913). "They are enforceable unless they would actually deprive the opposing party of his fair day in court," *id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)), or unless "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Bremen*, 407 U.S. at 15, 92 S.Ct. at 1916. A party resisting consideration and enforcement of a forum selection clause bears the burden of demonstrating unreasonableness or overreaching. *Id.* ("The correct approach would have been to enforce the forum clause specifically unless [the resisting party] could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."). "Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain." *Servewell*, 439 F.3d at 789 (internal quotation omitted).

Plaintiff has not established that the forum selection clause at issue in this case is unjust, unreasonable or invalid for reasons such as fraud or overreaching and the Court is therefore bound under *Bremen* and Eighth Circuit case law adopting *Bremen* to enforce it. There is no evidence of unequal bargaining power in this case, as the parties agree that the Sales Contract containing the forum selection clause was negotiated at arms-length between counsel for both parties. Additionally, the Court finds no evidence of fraud or overreaching. While it appears that the largest majority of the witnesses[1] and the printing press that is the object the Sales Contract are located in Sioux Falls, South Dakota, Plaintiff has not shown that such issues would "be so gravely difficult and inconvenient that it will for all practical purposes be deprived of its day in court." *Servewell*,

---

[1] On July 7, 2009, James E. Moore, counsel for Plaintiff, filed an Affidavit with the Court indicating that on June 19, 2009, the parties made their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1). As indicated in the Affidavit, of the 41 persons disclosed by Defendant, 19 are located in Sioux Falls, South Dakota, while none is located in Illinois.

439 F.3d 786, 790 (internal quotation omitted). While it was suggested by Plaintiff that it would be beneficial for the jury to observe the huge press in question, that proposition was not developed. It is seldom that an on-site examination is warranted and no basis for such an examination of the press in Sioux Falls was shown.

Because the Court finds that the forum selection clause is enforceable, dismissal or transfer is warranted. The Court concludes that transfer of this action to the Northern District of Illinois, Eastern Division, is the superior alternative to dismissing the case. Were it not for the forum selection clause, the Court would not transfer this case but instead would retain the case for trial.

The Court's ability to transfer the case to Illinois is governed by 28 U.S.C. § 1404(a) which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (holding "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum selection clause and transfer this case"). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chemical Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Mirroring the statutory language of section 1404, the Eighth Circuit has noted three factors a court must consider in decision whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691. A court's examination, however, is not limited to these three factors and the determination of whether to transfer must be made requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* "Balance of Convenience" considerations which the Eighth Circuit has stated parallel the above-mentioned factors include: (1) the convenience of the parties, (2) the convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the

5

applicability of each forum state's substantive law. *Id.* "Interest of Justice" factors include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *Id.* Of these factors, the Eighth Circuit has stated that a "valid and applicable forum selection clause in a contract is 'a significant factor that figures centrally'" in the court's decision. *Id.* (quoting *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244).

Overall, in weighing the factors under section 1404(a), the Court finds that transfer of this case to the Northern District of Illinois, Eastern Division, is warranted. While the convenience of the parties and witnesses favors South Dakota, all of the South Dakota witnesses are party-witnesses and the ability of Plaintiffs to secure their presence in the transferee forum is greater than if the witnesses were not employees of the party. *See, e.g., FUL Inc. v. Unitifed School Dist. No. 204*, 839 F.Supp. 1307, 1311 (N.D. Ill. 1993) ("it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily"). The interest of justice factors, however, are what really justify the transfer of this case. The Sales Contract under which Plaintiff's claims arise was negotiated at arms-length by counsel for two sophisticated business entities. The Sales Contract not only mandates that all legal actions arising from the contract be litigated exclusively in Illinois, but also provides that Illinois law is govern such disputes such that few, if any, conflict of law issues should arise if the case is transferred. Moreover, the State of Illinois has an interest and more experience than does this Court in deciding questions of Illinois substantive law. As a result, transfer to the contractually-agreed upon forum will more likely ensure that the law will be uniformly applied to all legal actions that arise from the alleged breach of the Sales Contract at issue in this case as well as in the breach of contract case filed by Defendant Drent Goebel USA against Plaintiff in the United States District Court for the Northern District of Illinois.[2] Moreover, the Court finds that judicial economy will best be served by litigating these cases in the same forum.

---

[2]Defendant Drent Goebel USA filed a lawsuit against Plaintiff in the United States District Court for the Northern District of Illinois for payments allegedly due under the same Sales Contract at issue in the present case.

*See Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S.Ct. 1274, 1284, 108 L.Ed.2d 443 (1990) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960)) ("To permit a situation in which two cases involving precisely the same issues [a tort case and a breach of contract and warranty case arising from the same accident] are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.")

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) be GRANTED and that Plaintiff's action be transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated this 24th day of August, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY